PLEUS, J.
The issue in this condemnation case is whether a variance obtained by the property owner’s attorney constitutes a nonmonetary benefit for which the attorney is entitled to a fee under section 73.092, Florida Statutes. We agree with the trial court that the variance was a nonmonetary benefit and affirm the award of fees.
Florida’s Department of Transportation (“DOT”) appealed a final judgment awarding attorney’s fees after an evidentiary hearing. The trial court’s finding as to the amount of the nonmonetary benefit was not made an issue on appeal, nor was the *149 portion of the total fee attributable to the nonmonetary benefit.
At the time of the taking, the property in Brooksviüe was improved with a Sho-ney’s Restaurant. CNL Income Fund VIII, Ltd. (“CNL”) was the owner; Sho-ney’s franchisee was the tenant. Two-way traffic was possible around the entire building to accommodate the vertical, double-loaded parking (90 degree) stalls on the three sides.
The taking took a substantial greens-pace setback at the front of the property which included a hedge and a retaining wall to support elevated parking. It also took space from the paved parking stalls facing the highway in front of the restaurant. Without a variance, CNL would stand to lose 20 prime parking spaces. CNL wanted to maintain the viability of the site as a location for a national restaurant chain. CNL was more concerned about the economic viability of the site ■ than it was in maximizing its damages claim. Accordingly, it authorized its attorney to seek a variance. Without the variance, the damages would have been $168,600 higher, according to CNL’s expert.
Substantial time was spent by CNL’s competent and knowledgeable lawyer. In the end, Brooksville agreed to grant the variance subject to several conditions such as additional landscaping elsewhere on the property and a cash .bond to ensure completion of the landscaping. CNL also had to provide access across the rear of the property as a service road connecting a private street running along the western boundary of CNL’s property with a new development to the immediate east of CNL’s property. Establishing the required cross-easement involved substantial negotiations with adjacent property owners and the city. DOT did not participate in the variance request.
Section 73.092(l)(b) states that, in considering the amount of the fees to be awarded:
The court may also consider nonmone-tary benefits obtained for the client through the efforts of the attorney, to the extent such nonmonetary benefits are specifically identified by the court and can, within a reasonable degree of certainty, be quantified.
The trial court properly found that CNL presented competent evidence to satisfy all the requirements of section 73.092(l)(b). The nonmonetary benefits were obtained ■through the efforts of CNL’s attorney, the benefits were specifically identified, and the value of the benefits were properly quantified.
We do not suggest that all variances constitute a nonmonetary benefit. The test should be whether the work of the owner’s attorney in obtaining the variance relates directly to the issues in the eminent domain case before the circuit court. In this case, the variance did relate to the issue of severance damages.
We reject the argument of DOT that for attorney’s fees purposes, the non-monetary benefit must be obtained from the condemnor. If the Legislature had intended that nonmonetary benefits must come only from the condemning authority, it could have placed such language in the statute. This argument not only lacks legal support in Florida, it also defies logic and common sense.
We also reject DOT’s argument that the variance does not constitute a nonmonetary benefit on the basis that DOT would have sought a variance if CNL had not done so. The variance in this case was the result of complex negotiations involving the City, adjacent property owners and CNL. It would have been difficult, if *150 not impossible, for DOT to obtain the variance given here. Furthermore, DOT never offered to obtain the variance.
Finally, we reject DOT’S contention that the variance obtained by CNL’s attorney cannot be considered a nonmonetary benefit because it reduced CNL’s claim for severance damages. If DOT were to prevail on this argument, it would discourage property owners and their attorneys from seeking to preserve the value of the property and encourage the owners to maximize the claim against DOT. Logic would indicate that DOT should encourage such efforts rather than oppose them because fair compensation to the land owners would be decreased, as was the case here.
Furthermore, there is no authority in Florida law to support DOT’S argument that nonmonetary benefits are not achieved if the property owner’s claim against DOT is lowered. The one case cited by DOT to support this proposition is not on point. It held that a court ruling on a motion filed by the condemnor which provided no legal benefit to the property and precluded a potential damage claim by the owner did not constitute a nonmone-tary benefit for which attorney’s fees could be awarded. Florida Inland Navigation Dist. v. Humphrys, 616 So.2d 494 (Fla. 5th DCA 1993).
We thus affirm the final judgment awarding attorney’s fees.
AFFIRMED.
THOMPSON, C.J., and PALMER, J„ concur.